**In re ZIP ENTERPRISES, INC., Debtor.**

**Tommie L. MILLER, Plaintiff,**

v.

**Ed HILL, as Trustee of Zip Enterprises, Inc., Bankrupt; Russell Petroleum Corp., a corporation; and Smith and Tyson, Inc., as Agent for Smith Trust, Defendants.**

**Adv. No. 83–0065.**

United States Bankruptcy Court,
M.D. Alabama.

March 8, 1983.

Charles P. Miller, Montgomery, Ala., for plaintiff.

Leon Capouano, Montgomery, Ala., for defendant, Russell Petroleum.

Tommy M. Tyson, Jr., Montgomery, Ala., for defendant, Smith & Tyson, Inc.

Barry Teague, Montgomery, Ala., for defendant, the trustee, Ed Hill.

Clifford W. Cleveland, Prattville, Ala., for debtor, Zip Enterprises, Inc.

## ORDER DISMISSING COMPLAINT FOR DECLARATORY JUDGMENT

RODNEY R. STEELE, Bankruptcy Judge.

On February 11, 1983, the plaintiff filed a complaint which seeks to have this Court determine the relative rights or priorities of Tommie L. Miller and Russell Petroleum Corporation, as against Ed Hill, trustee, and Smith and Tyson, Inc., as agents for Smith Trust.

The subject matter of the complaint is a lease made by Smith and Tyson, Inc. to Zip Enterprises, Inc. The complaint asserts that at different times before bankruptcy, Zip Enterprises, Inc. assigned the lease or subleased the property to Tommie L. Miller or to Russell Petroleum Corporation. The complaint, in essence, seeks to have the Court determine that the trustee should prefer Tommie L. Miller over Russell Petroleum Corporation in disposing of the leasehold interest of Zip Enterprises, Inc.

The matter was set to be heard on a pretrial on March 7, 1983. Responses filed by the parties include a response by Smith and Tyson, Inc. which asserts that this Court should abstain from any decision concerning the relative rights of Russell and Miller and Smith and Tyson, on the grounds that a lawsuit has been filed in the Circuit Court of Montgomery County, Alabama, relating to the same thing, and that the issue may be fully tried out in the Circuit Court of Montgomery County.

The answer of Russell Petroleum Corporation asserts defenses under Rule 12 of the Federal Rules of Civil Procedure, and in effect, attacks the jurisdiction of this Court on the grounds that the controversy between Miller and Russell Petroleum Corporation and Smith and Tyson, Inc., as agents for the Smith Trust, has nothing to do with the property of this estate, does not involve the trustee of this estate, and does not relate to any relief which could be granted in bankruptcy.

The trustee's response asserts that the complaint fails to state a cause of action upon which relief can be granted, and further asserts that trustee, for a valuable consideration, has reaffirmed an assignment made to the Russell Petroleum Corporation, and the trustee does not attack the lease or any assignment or sublease of the lease.

When the matter came on for hearing on March 7, 1983, there was present an attorney for each of the defendants and the attorney for the plaintiff.

■ Argument of counsel and an examination of the file in this case leads the Court to conclude that it has no jurisdiction in this proceeding, and must dismiss this cause for lack of jurisdiction.

The answer of Smith and Tyson, Inc. seeks to have the Court abstain, and but for the ruling in the case of *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* — U.S. —, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), an abstention would be the appropriate ruling under Title 28, U.S.C. Section 1471.

■ But the Supreme Court in that case determined that the whole grant of jurisdiction under Section 241(a) of the Bankruptcy Code of 1978, (which includes Title 28, U.S. Code, Section 1471) was unconstitutional. The striking down of this jurisdictional section includes the striking of Section 1471(d) of Title 28, which permitted the Bankruptcy Court or the District Court to abstain. We conclude, therefore, that this Court does not have the power to abstain from hearing matters referred to it.

The matters referred to the Bankruptcy Court are covered by the Rule of the United States District Court for the Middle District of Alabama, styled "Jurisdiction of the Bankruptcy Court for the Middle District of Alabama" adopted by the Judges of that Court on December 23, 1982.

That Rule refers to the Bankruptcy Judges "all cases under Title 11, and all civil proceedings arising under Title 11, or arising in or related to cases under Title 11..."

Since this is not a case arising under Title 11, the question is whether it is a civil proceeding arising under Title 11, or arising in or related to cases under Title 11.

And we must conclude that it is not that kind of case, and was therefore not referred to this Court under that Rule.

And we think the ruling would be such, even if the Supreme Court had not declared the grant of jurisdiction unconstitutional, and even if the Court were not operating under the above referred to Rule.

■ It is clear that not every case in which a debtor might be involved is a case which is a civil proceeding arising under Title 11, or arising in or related to cases under Title 11, simply because the Bankrupt was involved. There may be instances where the jurisdictional nexus is so obscure, that jurisdiction cannot rightfully be placed in bankruptcy. A divorce proceeding involving the debtor is an easy example.

But other matters, involving other parties, and in which the debtor or the debtor's estate is only tangentially involved may not be sufficient to ground jurisdiction in bankruptcy.

We quote from Collier on Bankruptcy, 15th Ed., Vol I, at page 3–46:

In addition, certain types of civil proceedings should be held not to be within the jurisdiction of the Bankruptcy Court, even though the debtor is involved in those proceedings. For example, divorce or child custody matters are so intimately involved with State policies and law and so tangentially involved with the Title 11

case, that they probably are not "related to" the Title 11 case. That is, there must be some reasonable nexus between a particular civil proceeding and the Title 11 case to bring that proceeding within the Section 1471(b) grant of jurisdiction. This is not to delimit or erode the Congressional intent to grant comprehensive jurisdiction to the Bankruptcy Court; it is, however, to suggest that there is a limited class of civil proceeding, the nature of which is such that there is no logical connection of any kind between that proceeding and the Title 11 case. Those cases fall without the comprehensive grant of jurisdiction of Section 1471.

This is one of those cases in which there is no logical connection between the proceeding already brought in the Circuit Court of Montgomery County, Alabama, and this bankruptcy.

The lease, held by this debtor from Smith and Tyson, Inc., as agent was a property of this estate. The trustee has not acted to accept or reject that lease, and under the Bankruptcy Code of 1978, Section 365(d)(1), such a lease is deemed rejected within 60 days after the Order for relief.

The lease has thus ceased to be an asset of this estate. The fact that trustee may have signed some papers, as his attorney asserts he did, affirming the sublease to Russell Petroleum Corporation, has little, if any, effect on this rejected lease.

The controversy finally is between Tommie L. Miller, Russell Petroleum Corporation, and Smith and Tyson, Inc. It does not involve this estate or the trustee, or any property of this estate.

The Court concludes that the case is not a civil proceeding arising under Title 11 of the U.S.Code, or arising in or related to cases under Title 11 of that Code.

Since it is not, it was not referred to the Bankruptcy Court under the Interim Rule.

Moreover, the Court could have no jurisdiction even if it had been so referred or if jurisdiction had been founded upon Title 28, U.S.Code, Section 1471.

The conclusion is that this case ought to be, and it is hereby DISMISSED.