**In re OLYMPIA HOLDING CORPO-RATION, a/k/a P–I–E Nation-wide, Inc., et al., Debtors.**

**Lloyd T. WHITAKER as Chapter 7 Trust-ee for Olympia Holding Corporation, a/k/a P–I–E Nationwide, Inc., Plaintiff,**

**v.**

**LAS VEGAS FERTILIZER CO., INC., a Nevada corporation, Defendant.**

**Bankruptcy Nos. 90–4195–BKC–3P7, 90–4223–BKC–3P7. Adv. No. 91–2179.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Dec. 14, 1992.

W. Kelsea Wilber, Jacksonville, FL, for plaintiff.

Ronald Bergwerk, Jacksonville, FL, John P. Foley, Las Vegas, NV, for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came to be heard upon Defendant's Motion for Determination that Adversary Proceeding is Not a Core Proceeding, pursuant to 28 U.S.C. § 157(b)(3), and Defendant's Motion to Transfer Venue. A hearing was held on August 6, 1992, and, upon the evidence presented, the Court makes the following Findings of Fact and Conclusions of Law:

## Findings of Fact

Debtor was both a motor common and motor contract carrier operating in interstate commerce pursuant to the authority of the Interstate Commerce Commission ("ICC").

Defendant is a Nevada corporation with its principal place of business in North Las Vegas, Nevada.

Defendant and Debtor, as common carrier, did business together from March, 1990, through August, 1990. The transactions involved shipments from Mountain Home, Idaho, and North Las Vegas, Nevada.

Debtor filed a chapter 11 petition on October 16, 1990. Lloyd T. Whitaker was appointed as chapter 11 trustee on December 26, 1990. The case was subsequently converted to chapter 7 on March 11, 1991, and Lloyd T. Whitaker was appointed the chapter 7 trustee.

Plaintiff conducted an audit of debtor's records and determined that the original amounts billed were not properly rated in accordance with the filed tariff. Consequently, the plaintiff sent new bills to defendant claiming additional amounts due and owing for services rendered. Defendant refused to pay the re-rated bills.

On October 11, 1991, plaintiff filed this adversary proceeding seeking turnover of property and a money judgment for $21,457.25, based on the re-rated bills. Defendant filed an amended answer raising as affirmative defenses the statute of limitations, the unreasonableness of the rates, the inapplicability of the tariffs, and a claim for set-off.

Defendant filed a Motion for Determination that Adversary Proceeding is Not a Core Proceeding pursuant to § 157(b)(3). Defendant contends that it does not have property of the estate, thus the adversary does not concern administration or liquidation of the estate. In addition, defendant argues that collection through an undercharge suit only involves issues under the Interstate Commerce Act and the Motor Carrier Act, and does not implicate any bankruptcy jurisprudence.

Plaintiff maintains that the proceeding amounts to collection of pre-petition accounts receivable and fits squarely into the "core" description found in 28 U.S.C. § 157(b)(2)(E): "orders to turn over property of the estate." In addition, plaintiff maintains that the definitions in 28 U.S.C. § 157(b)(2)(A) and (O) apply as well, because payment of these receivables constitutes the estate's most significant asset and will generate substantial benefit to the creditors.

Defendant also filed a Motion to Transfer Venue of the proceeding contending that continuation of the proceeding in Florida would be unjust and grossly inconvenient to the parties.

The issues before the Court are 1) whether the resolution of this adversary proceeding involves administration of the estate, turn over of estate property, or liquidation of estate assets, such that the proceeding is core in nature and may be fully and finally resolved by this Court and 2) whether venue should be transferred to the United States Bankruptcy Court for the District of Nevada.

## Conclusions of Law

### A. Core or Non–Core

Defendant brings this motion pursuant to § 157(b)(3) which states:

The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.

The distinction between core and non-core proceedings governs what body makes a final determination on the merits. Under 28 U.S.C. § 157(a), (b)(1), and (c), the bankruptcy judge has authority to hear both core and non-core proceedings. However, in non-core proceedings, the bankruptcy judge submits proposed findings of fact and conclusions of law to the district court,

which makes the final determination following a *de novo* review.

Congress adopted this bifurcated approach in order to remedy the unconstitutional grant of jurisdiction to non-Article III bankruptcy judges the Supreme Court declared existed under The Bankruptcy Reform Act of 1978. *Northern Pipeline Construction Co. v. Marathon Pipe Line, Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The *Marathon* Court held that the contract claim at issue involved a private right existing between individuals independent of the bankruptcy case. 458 U.S. at 71–72, 102 S.Ct. at 2871–72. Thus, the expansion of the bankruptcy judge's powers to include the resolution of such claims, constituted an impermissible delegation of power. 458 U.S. at 84, 102 S.Ct. at 2878. The Court held that only public rights could be removed from Article III courts and assigned to legislative courts. 458 U.S. at 69, 102 S.Ct. at 2870.

In a proceeding factually on point with the proceeding at bar, the bankruptcy court held that an action for underpayment of pre-petition freight charges was not a core proceeding. *In re Maislin Industries, U.S., Inc.*, 50 B.R. 943, 948–50 (Bankr. E.D.Mich.1985). Finding the language of 28 U.S.C. § 157(b) and (c) to be somewhat unclear in distinguishing between core and non-core proceedings, the Court utilized the underlying principles of *Northern Pipeline.* Consequently, the Court concluded that

> ... Maislin's claims involve rights independent of and antecedent to the petition that conferred jurisdiction upon this Court, and are not integral to the restructuring of debtor-creditor rights. Rather, the complaint is before this court only because Maislin has filed a petition for reorganization in this Court. *Northern Pipeline, supra.*

*Id.* at 950.

The Central District of Illinois followed the *Maislin* decision in a case involving substantially similar facts. *In re Tobler Transfer, Inc.*, 74 B.R. 373 (Bankr.C.D.Ill. 1987). After reviewing the statutory history and relevant case law, the Court determined that the resolution rested on the answer to one simple question: "But for the Debtor's bankruptcy would TOBLER's cause of action against CATERPILLAR exist?" *Id.* at 375. Answering the question in the affirmative, the Court held that the proceeding was not core.

 Plaintiff's characterization of the proceeding as one for turn over of property is not necessarily dispositive of the core issue. *In re Tobler*, 74 B.R. at 375. The instant proceeding involves alleged freight undercharges under the Interstate Commerce Act and the Motor Carrier Act. The cause of action exist outside the bankruptcy and is not a core proceeding.

 However, if the Trustee is successful additional funds will be brought into the estate. Accordingly, the proceeding is "otherwise related to a case under title 11." Thus, this Court will submit proposed Findings of Fact and Conclusions of Law to the District Court.

### B. Venue

 The issue of proper venue will be determined by this Court according to the facts of each separate proceeding. Amount at controversy in the instant proceeding is approximately $21,000. Given the size of the claim and the facts surrounding the dispute, venue properly lies with this Court. Accordingly, the motion will be denied.

A separate Order finding the adversary proceeding to be non-core and denying the motion to transfer venue will be entered.