In re LYONS TRANSPORTATION
LINES, INC. et al., Debtors.

Vedder J. WHITE, Trustee, Plaintiff,

v.

BROOKS BROTHERS, Defendant.

Bankruptcy No. 90–00768E.
Adv. No. 92–1093.

United States Bankruptcy Court,
W.D. Pennsylvania.

Jan. 12, 1993.

See also 144 B.R. 32.

Thomas J. Minarcik, Erie, PA, for Trustee.

Philip E. Beard, Pittsburgh, PA, for Brooks Bros.

OPINION

WARREN W. BENTZ, Bankruptcy Judge.

*Factual Background*

Lyons Transportation Lines, Inc. Et Al ("Debtor") filed its Petition for relief under Chapter 11 of the Bankruptcy Code on October 19, 1990. The case was converted to a proceeding under Chapter 7 on January 24, 1991. Vedder J. White ("Trustee") was appointed a trustee.

Prior to its demise, the Debtor operated as a motor carrier which provided transportation services to numerous shippers including Brooks Brothers. The Trustee initiated the within Adversary Proceeding to obtain a judgment against Brooks Brothers in the amount of $22,768.58 for accounts receivable based on an open account and for $90,140.38 for freight tariff undercharges on freight bills previously paid by Brooks Brothers to the Debtor for the transportation of goods.

Presently before the Court is Brooks Brothers' Motion to Dismiss the Trustee's Complaint. Brooks Brothers asserts that the Complaint should be dismissed because this is not a core proceeding; they do not consent to the Bankruptcy Court rendering a final judgment; and this Court has no subject matter jurisdiction over the claim.

*Discussion*

*Core/Non–Core*

The Third Circuit has determined that an action to collect a debt based on

prepetition contract damages is a non-core matter related to a case arising under the Bankruptcy Code. *Beard v. Braunstein,* 914 F.2d 434, 445 (3d Cir.1990). The Trustee's assertions that its claim for tariff undercharges constitutes a core proceeding because tariff undercharges can only be practically initiated after the filing of bankruptcy and because undercharges are purely the creation of the Interstate Commerce Act are without merit. The entire Complaint is an action to collect a debt which arises out of the prepetition relationship between the parties. *See In re Olympia Holding Corp.,* 148 B.R. 56 (Bankr. M.D.Fla.1992); *In re Lee Way Holding Co.,* 104 B.R. 881 (Bankr.S.D.Oh.1989).

*Dismissal*

■ Finding that the matter is non-core does not result in dismissal of the Complaint. The Bankruptcy Court retains jurisdiction over related matters under 28 U.S.C. § 157(c)(1). The within action is clearly related. Any recovery by the Trustee would augment the estate. *See Beard v. Braunstein,* 914 F.2d 434, 445 (3d Cir.1990); *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984); *In re Southwinds Associates,* 115 B.R. 857 (Bankr.W.D.Pa. 1990).

■ In a related matter, the Bankruptcy Court submits proposed findings of fact and conclusions of law to the District Court and any final judgment is entered by the District Judge after affording the parties the right of *de novo* review. Absent a demand by Brooks Brothers for a jury trial, it is appropriate for this Court to retain jurisdiction.[1]

---

1. The Third Circuit has ruled that a Bankruptcy Court cannot conduct a jury trial in a non-core proceeding. *Beard v. Braunstein,* 914 F.2d at 443. *See also In re System Freight, Inc.,* 1991

WL 33150 (D.N.J.1991). At a hearing held September 8, 1992, counsel for Brooks Brothers indicated that it would file a jury demand. No such demand has been filed.