Leroy McCRAE, Sr., et al., Plaintiffs,

v.

COMMERCIAL CREDIT CORP., et al., Defendants.

Civ. A. No. 95–D–680–N.

United States District Court,
M.D. Alabama,
Northern Division.

July 3, 1995.

Jere L. Beasley, Rhon E. Jones, Thomas James Methvin, Edward P. Kendal, Montgomery, AL, Christopher P. Turner, Abbeville, AL, Donald J. McKinnon, Eufaula, AL, for plaintiffs.

Stephen B. Porterfield, Jack E. Held, William B. Hairston, Jr., Nathan R. Norris, Michael L. Bell, William H. King, III, Melody L. Hurdle, Birmingham, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

De MENT, District Judge.

Before the court is the plaintiffs' motion filed June 20, 1995 to remand this action to the Circuit of Barbour County, whence it was removed. The defendants responded in opposition on June 18, 1995.

In the two-count complaint, the plaintiffs aver that in connection with certain refinancing loan transactions, defendant Commercial Credit Corp., through its agents and employees, misrepresented and failed to disclose the cost of refinancing and that credit insurance was included on the loans. Subsequently, the defendants removed this action, asserting federal-question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441.[1]

The defendants contend that the plaintiffs' claim for relief involves the application of the Truth-in-Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, and its implementing Regulation Z. In essence, the defendants contend that while the plaintiffs have not pleaded a violation of the TILA, the TILA controls in this action. The plaintiffs assert, however, that they are seeking relief only under state law, thus, precluding removal based upon federal laws and regulation.

■ Whether the complaint states a federal question must be determined by examining the face of the complaint.[2] As stated by the Supreme Court of the United States:

[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Gully v. First National Bank,* 299 U.S. 109, 112–13 [57 S.Ct. 96, 97–98, 81 L.Ed. 70] ... (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (internal footnotes omitted).

■ The court recognizes that the preemptive force of some federal statutes can provide a legal basis for removal of a case from state to federal court even if a plaintiff has framed the complaint to allege violations of only state law. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987). For example, the Supreme Court of the United States has determined that issues involving the Labor Management Relations Act, 29 U.S.C. § 185, *et seq.*, and the Employment Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*, transform state-law claims into ones arises under federal law for purposes of the well-pleaded complaint rule. *Caterpillar, Inc.,* 482 U.S. at 393–94, 107 S.Ct. at 2430–31.

■ This "complete pre-emption" doctrine, however, does not apply to the TILA. The TILA does not contain a civil enforcement

---

1. Section 1441 states in part that "... any civil action brought in a State court of which district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending ..." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1331, a district court has original jurisdiction over all cases "arising under the Constitution, laws or treaties of the United States."

2. The court also stresses that the defendants, as the parties removing an action to federal court, have the burden of establishing federal jurisdiction. *Sullivan v. First Affiliated Secs.,* 813 F.2d 1368 (9th Cir.1987), *cert. denied,* 484 U.S. 850, 108 S.Ct. 150, 98 L.Ed.2d 106 (1987). Because the removal statutes are strictly construed against removal, generally speaking all doubts about removal must be resolved in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

provision that requires complete preemption of law, nor is there any other manifestation that Congress intended preemption. *See General Elec. Capital Auto Lease, Inc. v. Mires,* 788 F.Supp. 948, 950 (E.D.Mich.1992) (finding that "[a]bsent in the [TILA] statute are any provisions which purport to demonstrate the preemption of state causes of action").

▮ The court finds that absent "complete pre-emption" of state causes of action, the defendants cannot establish that a federal court has original jurisdiction by arguing preemption as a defense:

> Ordinarily, federal pre-emption is raised as a defense to the allegations in a plaintiff's complaint. Before 1887, a federal defense such as preemption could provide a basis for removal, but, in that year, Congress amended the removal statute. We interpret that amendment to authorize removal only where original federal jurisdiction exists. Thus, it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.

*Caterpillar, Inc.,* 482 U.S. at 392–93, 107 S.Ct. at 2430 (internal citations omitted). Because the complete preemption doctrine does not convert the plaintiffs' state claims into claims under the TILA and because a defendant may not remove a case based upon a federal preemption defense, the court finds the defendants have failed to establish that the complaint on its face pleads a federal question. In other words, the court does not have original jurisdiction over this action.[3]

Accordingly, it is CONSIDERED and ORDERED that the plaintiffs' motion to remand be and the same is hereby GRANTED and this cause be and the same is hereby REMANDED to the Circuit Court of Montgomery County, Alabama. The clerk is DIRECTED to take all steps necessary to effect said remand.

---

3. Additionally, the defendants argue that if the plaintiffs seek recovery under state law only, failure to make disclosures in consumer credit transactions, as is alleged here, is governed by the Alabama Mini–Code, §§ 5–19–1 to 5–19–31 (1975), as amended. The defendants then state that the Alabama Mini–Code is "wholly inapplicable to this action," because it does not require disclosure of terms of which the plaintiffs complain. Def.s' Mem.Opp. to Pl.s' Mot.Remand at 4. This argument would be an appropriate assertion in a motion to dismiss or motion for summary judgment. When ruling on a motion to remand, however, the court does not examine the merits of the claim but is only determining whether the court has subject matter jurisdiction over the action.