James WALKER; et al., Plaintiffs,

v.

COMMERCIAL CREDIT CORPORATION; et al., Defendants.

Civil A. No. 95–A–708–N.

United States District Court, M.D. Alabama, Northern Division.

Feb. 2, 1996.

---

Russell L. Irby, Eufaula, AL, Walter B. Calton, Eufaula, AL, Jere L. Beasley, Rhon E. Jones, Thomas James Methvin, Edward Perry Kendall, Beasley, Wilson, Allen, Main & Crow, P.C., Montgomery, AL, Christopher Paul Turner, Christopher P. Turner, P.C., Abbeville, AL, Donald J. McKinnon, Eufaula, AL, Robert G. Methvin, Jr., Gaiser & Associates, Birmingham, AL, for plaintiffs.

Jack E. Held, Sirote & Permutt, Birmingham, AL, for all defendants.

Stephen B. Porterfield, Sirote & Permutt, Birmingham, AL, for Commercial Credit Corporation, Rhonda Jordan, Tony C. West and Emilio Niglio.

Michael Lester Bell, William H. King, III, Melody L. Hurdle, Lightfoot, Franklin & White, L.L.C., Birmingham, AL, for American Bankers Insurance Company of Florida.

William B. Hairston, Jr., Engel, Hairston & Johanson, P.C., Birmingham, AL, for American Health and Life Insurance Company.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

### I. INTRODUCTION

This cause is now before the court on a Motion to Remand, filed by the Plaintiffs.

Plaintiffs filed this action in the Circuit Court of Barbour County, Alabama. In the two-count complaint, Plaintiffs aver that in connection with certain loans, Defendants (1) misrepresented that it was necessary to take out new loans rather than simply advancing the Plaintiffs the additional sums requested,

and (2) fraudulently failed to disclose that Plaintiffs were paying excessive and unnecessary fees and charges on the refinanced loans. Named as Defendants in the action were Commercial Credit Corp., Commercial Credit Corp. of Alabama, American Health and Life Insurance Company, American Bankers Insurance Company of Florida, Rhonda Jordan, Tony C. West, and Emilio Niglio.

The Defendants filed a Notice of Removal asserting that jurisdiction was properly vested in federal court pursuant to 28 U.S.C. § 1331. Defendants contend that the Plaintiffs' claims present a federal question because they require the application of the Truth–In–Lending Act (TILA), 15 U.S.C. §§ 1601 et seq. Plaintiffs filed a Motion to Remand contending that this case presented only state law fraud claims.

The Defendants filed an amendment to their Notice of Removal asserting that even if removal was not proper pursuant to TILA, removal was proper under 28 U.S.C. § 1452 and 28 U.S.C. § 1334(b), because one of the Plaintiffs, Gene Stewart, filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Alabama (Case No. 95–02021). Plaintiffs filed a response to the Defendants' amended notice of removal asserting that this case does not arise under title 11, or arise in or relate to Stewart's bankruptcy. Alternatively, the Plaintiffs asserted that, even if the present case did "relate to" Stewart's bankruptcy, this court should abstain under § 1334(c)(2) (mandatory abstention).[1]

For the reasons stated below, this court finds that the Motion to Remand is due to be GRANTED.

## II. DISCUSSION

 Federal courts are courts of limited jurisdiction. *See, Kokkonen v. Guardian Life Ins. Co. of Am.,* —— U.S. ——, ——, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (11th Cir.1994); *Wymbs v. Repub-*

*lican State Executive Committee,* 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied,* 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, they have the power to hear only those cases that they have been authorized to hear by Congress or by the Constitution. *Kokkonen,* —— U.S. at ——, 114 S.Ct. at 1675. More generally, the law in the Circuit favors remand where federal jurisdiction is not absolutely clear. As stated by the 11th Circuit, in deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994).

## A. Truth-in-Lending Act

 A defendant may remove a state court civil action to a federal court if the pending action is "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). Under the well-pleaded complaint rule, a court must look to the face of the complaint to determine whether a claim "arises under" federal law. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Because the well-pleaded complaint rule makes the plaintiff the master of the claim, a plaintiff may avoid federal jurisdiction by "exclusive reliance on state law." *Id.* Thus, removal jurisdiction may not be sustained simply because a plaintiff could have asserted a federal claim instead of or in addition to the state claim advanced. *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809 n. 6, 106 S.Ct. 3229, 3233 n. 6, 92 L.Ed.2d 650 (1986). Similarly, "a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430.

---

1. The Plaintiffs cited § 1334(c)(2) (mandatory abstention), but quoted § 1334(c)(1) (permissive abstention). The Plaintiffs then discussed the com- mentary to § 1334(c)(2). This court assumes the Plaintiffs are relying on the section cited, not the section quoted.

■ Defendants contend that the Plaintiffs' claims present a federal question because they require the application of 15 U.S.C. §§ 1601 et seq. (TILA). Notably, however, although TILA includes civil liability provisions (15 U.S.C. § 1640), the Plaintiffs' complaint has not alleged any claim under these provisions. The Plaintiffs' have alleged only state law fraud claims. As "masters of the claim," the Plaintiffs may avoid federal jurisdiction by relying exclusively on state law. Accordingly, this court finds that the Plaintiffs have not pleaded a claim "arising under" federal law and jurisdiction is lacking on that basis.

■ An exception to the well-pleaded complaint rule exists if the area of the state law claim asserted in the complaint has been "completely pre-empted" by federal law. *Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2430. "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.*

■ Defendants contend that the requirements of TILA pre-empt any state regulation of consumer credit transactions that are inconsistent with TILA and thus control the duties of how and what to disclose.

■ The Supreme Court has found "complete pre-emption" of state law claims in only rare circumstances where "the pre-emptive force of the statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal one for purposes of the well-pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2430 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987)). These extraordinary circumstances have only been found in relation to the Labor Management Relations Act of 1947 ("LMRA"); and the Employee Retirement Income Security Act of 1974 ("ERISA"). *See Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) (complete pre-emption by LMRA), *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (complete pre-emption by ERISA). The civil enforcement provisions of TILA, though extensive, are not as extensive as those of LMRA or ERISA. *See* 15 U.S.C. § 1601 et seq.; *Compare,* § 301 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185; and § 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. § 1132. TILA does not displace state law claims, nor is there "any other manifestation that Congress intended pre-emption." *McCrae v. Commercial Credit Corp.*, 892 F.Supp. 1385, 1386–1387 (M.D.Ala. 1995) (DeMent, J.).

Defendants argue that TILA, not Alabama law, governs disclosure requirements, so that plaintiffs' claims cannot be based on failure to disclose anything not required by TILA. Thus, Defendants contend, the claims arise under federal law. The relevant provision of TILA provides as follows:

**(a) Inconsistent provisions; procedures applicable for determination**

(1) Except as provided in subsection (e) of this section, this part and parts B and C of this subchapter do not annul, alter, or affect the laws of any State relating to the disclosure of information in connection with credit transactions, except to the extent that those laws are inconsistent with the provisions of this subchapter and then only to the extent of the inconsistency.

15 U.S.C. § 1610(a). (Subsection (e) relates to certain credit and charge card application and solicitation disclosure.)

■ The pre-emption quoted above, however, is explicitly not a complete pre-emption. While the Plaintiffs' claims cannot succeed if dependent on disclosure requirements inconsistent with those required by TILA, this simply means that the Plaintiffs' may lose in state court. State courts are fully authorized and competent to interpret and apply federal law. *See Charles Dowd Box Co., Inc. v. Courtney*, 368 U.S. 502, 507, 82 S.Ct. 519, 522, 7 L.Ed.2d 483 (1962) (nothing in the concept of our federal system prevents state courts from enforcing rights created by federal law). It is the fact that an *action* is *founded* "on a claim or right arising under" federal law that makes the action removable under 28 U.S.C. § 1441(b), not the

fact that an interpretation of federal law may affect or determine the outcome of the action. Congress could have chosen to completely pre-empt the field; it chose not to do so.

The Plaintiffs' well-pleaded complaint asserted only state law fraud claims and no claims under TILA. TILA does not completely pre-empt state law; therefore, this court does not have jurisdiction on that basis.

## B. Plaintiff Gene Stewart's Bankruptcy Petition

28 U.S.C. § 1334(a) provides federal courts with original and exclusive jurisdiction over cases under Title 11 (Bankruptcy Code). "Cases under Title 11" refers merely to the original bankruptcy petition. An adversary proceeding is not one of the "cases under title 11" for purposes of § 1334(a). *See Cady v. Sapp,* 1994 WL 329371 (Bankr. S.D.Ga.1994). This case is not, therefore, a case "under title 11."

Section 1334(b) confers original but not exclusive jurisdiction on federal courts in three circumstances: civil proceedings (1) **arising under** title 11; (2) **arising in** cases under title 11; and (3) **related to** cases under title 11. Defendants contend that this Court has jurisdiction over this cause of action pursuant to 28 U.S.C. § 1334(b). Plaintiffs, on the other hand, contend that this case does not arise under title 11, or arise in or relate to Stewart's Chapter 13 bankruptcy. Alternatively, the Plaintiffs contend that, even if the present case does "relate to" Stewart's bankruptcy, this court should abstain under § 1334(c)(2) (mandatory abstention).

In order to find jurisdiction under § 1334(b), there must be some nexus between the bankruptcy case and the related action. *Cook v. Chrysler Credit Corp.,* 174 B.R. 321, 327 (M.D.Ala.1994) (Albritton, J.). Such a nexus may be found when the outcome of the related action **could directly affect** the bankruptcy estate. *Matter of Lemco Gypsum, Inc.,* 910 F.2d 784, 788 (11th

Cir.1990) (emphasis added). Specifically, jurisdiction is proper if the outcome of the "related" proceeding could alter the debtors' rights, liabilities, options, freedom of action, or the administration of the bankrupt estate. *Matter of Lemco Gypsum, Inc.,* 910 F.2d at 788.

In the present case, Plaintiff Stewart has filed a Chapter 13 bankruptcy. If Stewart is successful in recovering monetary damages from the Defendants, the money recovered would be available for distribution to Stewart's creditors, thus affecting the bankruptcy estate. Such an event could definitely "alter the debtors' rights, liabilities, options, freedom of action, or the administration of the bankrupt estate." *See Matter of Lemco Gypsum, Inc., supra.*

Having determined that this case arises under title 11, or arises in or relates to a case under title 11 (Stewart's bankruptcy proceedings), it is now important to determine, for purposes of § 1334(c) (abstention), whether this suit constitutes a "core" proceeding or a "non-core" proceeding.

Disputes which "arise under title 11" or "arise in cases under title 11" are called "core proceedings." *See Cook v. Griffin,* 102 B.R. 875, 876 (Bankr.N.D.Ga.1989).[2] Core proceedings are those proceedings which would not exist in law in the absence of the Bankruptcy Code. *Thomasson v. AmSouth Bank, N.A.,* 59 B.R. 997 (N.D.Ala. 1986). Although all three circumstances may confer jurisdiction on federal courts, there is an important distinction between core proceedings and proceedings "related to cases under title 11." Section 1334(c)(1) (permissive abstention) **allows** district courts to abstain from hearing proceedings "arising under title 11 or arising in or related to a case under title 11," when abstention is proper in the interest of justice, or in the interest of comity with State courts or respect for state law. Section 1334(c)(2) (mandatory absten-

---

**2.** The use of the term "core proceeding" has been the source of some confusion. The designation of a proceeding as core or non-core is also determinative of whether a bankruptcy court may render a final judgment (core) or whether the bankruptcy court's jurisdiction is limited to

submitting proposed findings to the district court (non-core). Here, this Court is only using core to designate whether a proceeding "arises under" title 11 or "arises in cases under" title 11 for purposes of assessing jurisdiction under § 1334.

tion), however, **requires** federal courts to abstain when:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, **related to** a case under title 11 **but not arising under** title 11 **or arising in** a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court **shall** abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Section 1334(c)(2) (emphasis added). It is clear from this language that mandatory abstention only applies to non-core proceedings.

 As stated earlier, "core proceedings" are those proceedings which would not exist in law in the absence of the Bankruptcy Code. *Thomasson v. AmSouth Bank, N.A.*, 59 B.R. 997 (N.D.Ala.1986). "If the proceeding does not involve a substantive right created by the federal bankruptcy law and is one that could exist outside bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under § 157(c)(1) it is an 'otherwise related' or non-core proceeding." *In re Davis*, 899 F.2d 1136, 1140–1141 (11th Cir.1990) (citing *Matter of Wood*, 825 F.2d 90, 97 (5th Cir.1987)). Stated somewhat differently, for a case to be considered a core proceeding, the case would not exist "but for" bankruptcy. *See In re Nanodata Computer Corp.*, 52 B.R. 334 (Bankr.W.D.N.Y.1985); *Zweygardt v. Colorado Nat'l Bank of Denver*, 52 B.R. 229 (Bankr.D.Colo.1985).

 The present case is a state law fraud claim, thus it does not "involve a substantive right created by the federal bankruptcy law and is one that could exist outside bankruptcy." It cannot be said that the present case would not exist "but for" bank-

ruptcy. In fact, the case existed outside of bankruptcy before any bankruptcy issues were raised by Stewart's filing under Chapter 13. When a debtor's claim involves rights independent of and antecedent to the bankruptcy petition, and is not integral to the restructuring of debtor-creditor rights, then the matter is not a "core-proceeding." *See In re Olympia Holding Corp.*, 148 B.R. 56, 58 (Bankr.M.D.Fla.1992); *see also Community Bank of Homestead v. Boone (In re Boone )*, 52 F.3d 958 (11th Cir.1995). Accordingly, this state fraud claim is not a "core proceeding."[3]

 Having determined that this is a "non-core" proceeding, this court must consider whether abstention would be proper. 28 U.S.C. § 1334(c)(2) (mandatory abstention) states that:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, **related to** a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court **shall** abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2) (emphasis added). If the Plaintiffs satisfy each of the requirements in § 1334(c)(2), abstention by this court from hearing this proceeding is mandatory.

First, the Plaintiffs made a timely motion to remand. Additionally, the claim is based upon state law (fraud), with no federal cause of action, and does not arise under bankruptcy law; therefore, the action could not have been brought in federal court absent jurisdiction under this section. This suit was origi-

---

**3.** Defendants contend that this proceeding is nevertheless a "core" proceeding because it falls within 28 U.S.C. § 157(b)(2) (examples of "core proceedings"). Defendants specifically cite only 28 U.S.C. § 157(b)(2)(A), "matters concerning the administration of the estate." That section, however, merely refers to those managerial matters incident to case management which are pe-

culiarly within the province of the bankruptcy court. *See In re Shafer & Miller Industries, Inc.*, 66 B.R. 578, 580 n. 1 (Bankr.S.D.Fla.1986). This is not such a matter; therefore, this court need not address the murky issue of whether a case falling within one of the technical definitions of 157(b)(2), yet existing outside of bankruptcy law, is a core proceeding.

nally filed in the Circuit Court of Barbour County, which is a State forum of appropriate jurisdiction; therefore, this case can be timely adjudicated in state court. Each of § 1334(c)(2)'s requirements is satisfied. This court's analysis of 28 U.S.C. § 1334(c)(2), in accordance with the general rule in this Circuit favoring remand, persuades the court that abstention by the federal court is appropriate and remand is required for this case.

## C. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Remand is due to be and is hereby GRANTED. It is hereby ORDERED that this case is REMANDED to the Circuit Court of Barbour County, Alabama. The Clerk is directed to take the necessary steps to effect the remand.