**In re Edward CONDRA, a/k/a Edwin Condra, Debtor.**

**Marlene GASTON, Plaintiff,**

**v.**

**Edward CONDRA, a/k/a Edwin Condra, Dothan Insurance Store, Inc., CNL Insurance America, Inc., and Graward General Companies, Inc., Defendants.**

Bankruptcy No. 96–05875–RRS–7.
Adversary No. 97–00020–AP–RRS–7.

United States Bankruptcy Court,
M.D. Alabama.

May 16, 1997.

Robert E. Kirby, Birmingham, AL, for plaintiffs/creditors.

Eric J. Breithaupt, Susan S. Hayes, and Michael E. Hollingsworth, Birmingham, AL, for defendants.

Cameron Metcalf, Dothan, AL, for debtor.

Kenneth R. Jones, Chapter 7 Trustee.

### OPINION ON MOTION TO ABSTAIN, OR IN THE ALTERNATIVE, MOTION FOR REMAND

RODNEY R. STEELE, Chief Judge.

This above styled state civil case is in the Bankruptcy Court for the Middle District of Alabama because the debtor's co-defendants, certain insurance companies, removed the case from the Circuit Court of Montgomery County, Alabama. The plaintiff wants it sent back to that Circuit Court by remand for trial.

At Dothan, Alabama on April 23, 1997, the court called plaintiff, Marlene Gaston's motion to abstain, or in the alternative, motion for remand, for hearing. The court finds and concludes that the case ought to be remanded to the Circuit Court for Montgomery County, Alabama.

## I. Facts:

Plaintiff, Marlene Gaston filed a complaint against the above named defendants and certain fictitious defendants unknown to plaintiff, in November, 1996, in the Circuit Court for Montgomery County, Alabama, case number CV96–2193–Sh.

The causes of action enumerated in the complaint arose out of the alleged actions of defendants, to include; negligence, recklessness, and wantonness brought pursuant to the laws of the State of Alabama. Plaintiff alleges that defendants are guilty of negligence, recklessness and fraud with respect to misappropriation or conversion of insurance premium payments, misrepresentation and failure to procure insurance coverage, fraudulent suppression of material facts, and outrageous conduct and conspiracy, all State causes of action.

In June, 1996 plaintiff purchased automobile insurance from the debtor's company, the Montgomery Insurance Center. Plaintiff signed an insurance application with CNL Insurance America, Inc., (hereinafter "CNL"), and made a down payment in the amount of $143. Plaintiff alleges that the employees at the Montgomery Insurance Center forwarded her application to the Dothan Insurance Store and/or Edward Condra, for processing, and these defendants were then responsible for mailing the application to CNL.

Plaintiff continued to make regular payments on her policy as instructed. The payments were made to the Montgomery Insurance Center, and forwarded to the Dothan Insurance store.

Plaintiff never received a copy of her insurance policy from CNL because her application and down payment were never submitted to CNL.

Plaintiff further alleges that defendants fraudulently completed another automobile insurance application, on plaintiff's behalf, during the month of August, 1996. The fraudulent application was submitted to and accepted by Graward General Companies, Inc (hereinafter "GGC"). The policy issued by GGC indicates that the last payment was made on August, 26, 1996.

Plaintiff was contacted in August or September 1996 by the Dothan Insurance Store informing her that they were going to change her insurance coverage from her existing

insurance company to another company in order to reduce her insurance premiums. Plaintiff was further informed by the insurance company that she would be sent an application that she should sign and return to them. Plaintiff asserts that she was never sent this application and that she never signed another application other than the one she originally signed with CNL on June 6, 1996.

Damages the plaintiff contends that she has suffered or incurred include; loss of eligibility for continuous renewal discounts offered by insurance carriers, loss of time value of the money paid in premiums for which she received no insurance coverage, economic loss, mental anguish and emotional suffering, risk of forced-placed insurance coverage, and loss of the opportunity to obtain other insurance coverage by relying on the protection of this policy(cies).

The debtor, Edward Condra, filed this voluntary Chapter 7 petition on December 23, 1996.

The first notice of removal was filed on January 24, 1997 by the insurance company defendant CNL Insurance America, Inc., pursuant to 28 U.S.C. § 1452 and Rule 9027, Bankruptcy Rules of Procedure. All non-bankrupt insurance company defendants filed notices of removal, or joined in removal.

On February 20, 1997 a motion to abstain, or in the alternative, motion for remand along with a motion for relief from stay, were filed by plaintiff Marlene Gaston, et al, in reference to the above styled case.

## II. Issues:

The first question is: Does the Bankruptcy Court have jurisdiction? The second question is: Should the Bankruptcy Court abstain, even if it does have jurisdiction?

## III. Conclusions:

### (A) Jurisdiction:

A case may either be "core" or "related to."

In determining whether a proceeding in Bankruptcy is "core" or "related" 28 U.S.C. § 157(b)(3) provides: [1]

(3) The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by state law.

■ This court has previously held that "not every case in which a debtor might be involved is a case which is a civil proceeding arising under title 11, or arising in title 11 or related to a cases under title 11, simply because the bankrupt was involved." See *In re Zip Enterprises, Inc.*, 28 B.R. 223 (Bkrtcy. M.D.Ala.1983). We further found that "there may be instances where the jurisdictional nexus is so obscure, that jurisdiction cannot rightfully be placed in bankruptcy." *Zip* at 224. In the case at bar the "jurisdictional nexus" is so obscure as to require a holding that the case is not one over which the court can, or may, exercise its' appropriate jurisdiction.

■ In *Walker v. Commercial Credit Corp.*, 192 B.R. 260 (M.D.Ala.1996), the court stated that "disputes which arise under title 11 are called core proceedings." Such proceedings would not exist in law in the absence of the Bankruptcy Code. *Thomasson v. AmSouth Bank, N.A.*, 59 B.R. 997 (N.D.Ala.1986). According to *Walker*, if the proceeding or case is not based upon or does not "involve a substantive right" and "can survive in the absence of the Bankruptcy Code", the proceeding is not, nor should be considered as, a "core proceeding." As stated in *Walker* "[f]or a case to be considered a core proceeding, the case would not exist "but for" bankruptcy." In the case at bar, the complaint, outlined above, does not involve diversity of citizenship or federal question, and is capable of surviving without the Bankruptcy Code and in fact was instigated

---

1. See discussion of mandatory and permissive abstention (infra), holding that if a matter is a core proceeding then the court may employ permissive abstention. If the case is a non-core proceeding, then the court "shall abstain", thus employing mandatory abstention.

and processed prior to the filing of the debtor's bankruptcy case.

In *Dean v. American General Finance, Inc.*, 191 B.R. 463 (M.D.Ala.1996), the court held that in order to find jurisdiction under 28 U.S.C. § 1334(b) under the "related to" provision, "there must be some nexus between the bankruptcy case and the related action." The "nexus" is found where the outcome of the related action "**could directly affect**" the bankruptcy estate. (emphasis in the original). If an action is to relate to bankruptcy the outcome must alter the debtor's rights, liabilities, options, freedom from action, or the administration of the bankrupt estate. The *Dean* court found that

> [T]he resolution of the state law fraud claims would have only speculative, indirect, or incidental effects on the bankruptcy estate; therefore, it is unrelated to the bankruptcy action and not one over which the bankruptcy court can exercise jurisdiction. *Dean* at 469.

In *McCray v. Life of the South Insurance, (In re McCray)*, 95–00056–AP–RRS–13, 1995 WL 819000 (Bkrtcy.M.D.Ala., 1995), this court held that even though the tort claim will affect the debtor-creditor relationship, the contracts that give rise to their relationship in the first instance, is not adjusted. Thus, the "underlying debtor-creditor relationship will not be modified." Where a matter has only a limited affect upon the bankruptcy estate, a bankruptcy judge lacks jurisdiction over the matter. *Community Bank of Homestead v. Boone (In re Boone)*, 52 F.3d 958 (11th Cir.1995).

The only "related to" jurisdiction we can imagine here is a determination of the validity and amount of a claim against the debtor and the dischargeability of an alleged cross-claim by the insurance companies against their co-defendant Edward Condra. These are questions which a State court is inimitably well qualified to try and which is often permitted in bankruptcy practice.

> The case is not sufficiently "related to" this bankruptcy case.

**(B) Abstention:**

Section 1334 contains two "options" for the court to consider in its decision of whether a case should be heard. Those "options" are 1334(c)(1), discretionary abstention, and 1334(c)(2), mandatory abstention. Under mandatory abstention of 28 U.S.C. § 1334(c)(2) the "district court shall abstain" where timely motion has been made in a proceeding based upon a State law or claim or cause of action which *relates to* a case under title 11 but does not *arise under* or *arise in* title 11 and could not have been brought in a court of the United States absent jurisdiction. (emphasis added) 28 U.S.C. § 1334(c)(2). Furthermore, 28 U.S.C. § 1334(c)(1) provides that:

> [N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from a hearing arising under title 11 or arising in or related to a case under title 11. (Discretionary abstention, previously mentioned, supra).

In *Hatcher v. Lloyd's of London*, 204 B.R. 227 (M.D.Ala.1997), the court gave some guidance, concluding, among other things, "the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties." *Hatcher* at 234.

This case gives the impression that it is before the Bankruptcy Court as an attempt by the defendants at "forum shopping." Where the law in the Eleventh Circuit, as it exists today and at the time this case was filed, provides, through a wealth of case law, that, if the cause of action sounds in state law, then it is in a state forum that the case should be tried. The issue seems to be well settled.

We are not limited in the factors which warrant consideration in making the determination of whether remand is appropriate or not. And we have here, in making the decision in favor of remand, included all factors pertinent to this case. Those factors that support discretionary abstention include;

> (1) the effect of abstention on the administration of the bankruptcy estate; (2) the

extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; ... (11) the existence of a right to jury trial; (12) the presence in the proceeding of non-debtor parties. *Hatcher* at 234.

 Discretionary abstention is available in core and non-core proceedings. Even if this matter were a civil proceeding which is related to a case under Chapter 11, the court should abstain where the case was brought and should be timely heard in a state forum. *In re Worldwide Collection Services of Nevada*, 149 B.R. 219 (Bkrtcy.M.D.Fla.1992).

### (C) Remand under 28 U.S.C. § 1452(b):

 Finally, removed cases may be transferred back to state courts via remand. *28 U.S.C. § 1452(b)*. Remand may be justified by any equitable reason. The reasons for remand may be those enumerated in 28 U.S.C. 1334(c)(2), for mandatory abstention. In *In re Royal*, 197 B.R. 341, 349 (Bkrtcy. N.D.Ala.1996)[2], the court found that those equitable grounds found in section 1334(c)(2) are: (a) Forum non conveniens; (b) a state court's heightened ability to deal with questions of state law; (c) the expertise of a particular court; (d) the duplicative or uneconomic effort of judicial resources in two forums; (e) prejudice to involuntarily removed parties; (f) comity considerations; and (g)

the lessened possibility of inconsistent results.

The *Royal* court did not decide the issue of mandatory or discretionary abstention, but, rather, solely, granted the motion for remand concluding that:

> The claims asserted in the Complaint are based· entirely on state law are of a kind typically tried in state court. To try this Complaint in federal court could lead to rulings which would be inconsistent with state court rulings in other cases on issues similar to those raised here ... This Complaint could not have been filed in federal court had it not been ... for the bankruptcy. There is no greater convenience of this forum from that of the state court sitting in this county. Judicial resources will not be wasted in that the ruling on this motion is the only action taken by this court in this matter. Because the case is just commencing there can be no harm or prejudice to either party by returning the case to state court. There has been no showing that the state court can not timely adjudicate this matter upon its remand. *Royal* at 349, 350.

 Upon the motions for either abstention or remand, this court ought to remand the matter to state court particularly since the case involves multiple non-debtor defendants, who are not ordinarily under the jurisdiction of this court and whose claims will be more readily liquidated in a state court forum.

The court will hold only the Complaint to Determine Dischargeability of a Debt, in this court, until the state court determines the extent, if any, of liability. Then the Dischargeability Complaint may be heard by this court pursuant to the timely request of any interested party. The Bankruptcy Court clearly has exclusive jurisdiction to determine the dischargeability of debts under 11 U.S.C. § 523(a)(2) and (4). See *Fidelity National Title Ins. Co. .v. Franklin (In re*

---

**2.** See also *Matters of Roper*, 203 B.R. 326 (Bkrtcy.N.D.Ala.1996); court held, in part, citing *Burns v. Windsor Ins., Co.*, 31 F.3d 1092, 1095 (11th Cir.1994), citing *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108 (3rd Cir.1990), *cert denied*, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991), that "Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing ... where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Roper* at 338.

*Franklin),* 179 B.R. 913 (Bankr.E.D.Cal. 1995).

An appropriate order will enter.

### ORDER ON MOTION FOR REMAND, OR IN THE ALTERNATIVE, MOTION FOR ABSTENTION

At Dothan, Alabama on April 23, 1997, the court called plaintiff, Marlene Gaston's complaint to determine dischargeability of debt and motion to abstain, or in the alternative, motion for remand, for hearing.

By an opinion entered today the court finds that the complaint does not involve a "core matter" although the court retains the complaint for dischargeability of a debt. The removed complaint sets forth only State causes of action and were it not for the bankruptcy filing, this matter could not receive the attention of a federal forum.

The court has the power to remand this case on equitable grounds as set forth in the opinion. These equitable grounds include discretionary abstention.

It is therefore **ORDERED** that the court abstains under 28 U.S.C. §§ 1452 and 1334, and remands the case to the Circuit Court of Montgomery County, Alabama under 28 U.S.C. § 1452 and Rule 9027(d) of the Federal Rules of Bankruptcy Procedure.

It is **FURTHER ORDERED** that the Complaint to Determine Dischargeability of a Debt is retained by the court and shall be considered upon timely motion of any interested party, pending determination of liability, if any, in the State court proceeding. 11 U.S.C. § 523(a)(2) and (4).

It is **FURTHER ORDERED** that the stay lifts in favor of the Parties to permit prosecution of the case in State court to determine the extent, if any, of the parties claims against the debtor.