Hector M. **ARMSTRONG,**
et al., Plaintiffs,

v.

**HONEYWELL INTERNATIONAL,
INC., Defendant.**

No. CIV.A. G–02–261.

United States District Court,
S.D. Texas,
Galveston Division.

April 23, 2002.

Allen Ryan Vaught, Baron & Budd PC, Dallas, TX, for plaintiffs.

Dawn Marie Wright, Thompson & Knight, Dallas, TX, for defendant.

### ORDER OF REMAND

KENT, District Judge.

This case represents one of *many* asbestosis lawsuits removed to this Court from various state district courts throughout Texas beginning in October of 2001. In each of these cases, Plaintiffs filed state court actions asserting asbestos-related personal injury and/or wrongful death claims against nearly fifty Defendants, including Gasket Holding, Inc., a subsidiary of Federal Mogul Corporation ("Federal Mogul"). On October 1, 2000, Federal Mogul filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Delaware. Shortly following Federal Mogul's declaration of bankruptcy, a handful of Defendants began systematically removing and re-removing state court asbestosis cases to this Court, vociferously maintaining that removal was warranted under 28 U.S.C. § 1452(a) because Plaintiffs' claims were "related to" the Federal Mogul bankruptcy proceeding by virtue of Defendants' potential claims or cross-claims for indemnity and/or contribution against Federal Mogul. In each of these cases, the Court determined that bankruptcy subject matter jurisdiction did not exist under § 1334(a) and (b) and that removal was improper under § 1452(a). The Court then remanded these cases to their respective courts of origin for lack of subject matter jurisdiction.

Although decisions to remand for lack of subject matter jurisdiction are not reviewable by appeal or otherwise, the removing Defendants in these cases nevertheless attempted to circumvent this Court's rulings.

Defendant Garlock, Inc. ("Garlock") first appealed these decisions to the Fifth Circuit in December of 2001. In that appeal, the Fifth Circuit unequivocally and conclusively affirmed this Court's holdings in all respects, finding specifically that there existed no federal subject matter jurisdiction under the "related to" provision of § 1334(b), such that Garlock's removal was improper. *See Arnold v. Garlock, Inc.,* 278 F.3d 426, 434–35 (5th Cir.2001). Despite the Fifth Circuit's lucid mandate in *Garlock,* Defendants Ford Motor Company, DaimlerChrysler Corporation and General Motors Company (the "Automakers") filed nineteen Petitions for Writ of Mandamus on February 1, 2002, seeking to vacate the remand orders issued by this Court. The Fifth Circuit again affirmed this Court's remand decisions by denying mandamus relief to the Automakers. Finally, in an apparent last-ditch effort to avoid litigating these cases in state court, Defendant Garlock sought an emergency stay of the district court proceedings pending appeal. Once again, the Fifth Circuit denied Garlock's request, reiterating its earlier holding that these claims are not "related to" the Federal Mogul bankruptcy proceeding under § 1334(b), such that removal jurisdiction is wanting under § 1452(a). *See Arnold v. Garlock, Inc.,* 288 F.3d 234, ——, 2002 WL 530579, at *4 (5th Cir.2002).

Against this extraordinary backdrop, Defendant Honeywell International, Inc. ("Honeywell") incredibly removed yet another asbestosis lawsuit to this Court on April 19, 2002. Despite this Court's consistent and strenuous efforts to remand these cases for lack of subject matter jurisdiction, and notwithstanding the Fifth Circuit's unwavering support of such remands, Defendant Honeywell amazingly propounds the same old, tired, and now-thrice-rebuked argument—namely, that removal is proper because this lawsuit is "related to" the Federal Mogul bankruptcy

by virtue of Honeywell's hypothetical claims or cross-claims for indemnity and/or contribution against Federal Mogul. The Court is understandably confounded as to Honeywell's rationale for removing this lawsuit, and queries as to how many times it must effectuate these remand orders for Defendants to finally grasp the big picture. However, once again, and in the serious hope that this will be the *final* time that an asbestosis case is improperly removed to this venue, the Court observes that Plaintiffs' claims are *not* removable under § 1452(a) because they are not "related to" a case under Title 11 as a matter of law. Any potential claims for indemnity and/or contribution that Honeywell may have against Federal Mogul are merely speculative, and in any case, clearly insufficient to confer "related to" jurisdiction. Accordingly, the Court finds that it **LACKS SUBJECT MATTER JURISDICTION** to adjudicate these claims, and hereby **REMANDS** Plaintiffs' claims against Defendant Honeywell to the 239th Judicial District Court of Brazoria County, Texas. Although Honeywell's conduct in removing this lawsuit is arguably sanctionable, the Court is loath to waste any more of its valuable time on this case. Instead, the Court instructs Honeywell that *any* further attempts to remove this or similarly situated asbestosis cases may be regarded as an **ACT OF CONTEMPT** of this Court for which appropriately harsh sanctions may issue. Furthermore, pursuant to the clear language of 28 U.S.C. § 1447(d), this Order of Remand is "not reviewable on appeal or otherwise." *See also, e.g., In re Rayburn Enterprises,* 781 F.2d 501, 502–03 (5th Cir.1986); *Compton v. Compton,* 711 F.2d 626, 627 (5th Cir. 1983) (both holding in the context of bankruptcy-related cases that "[w]hether the remand order be viewed as one of abstention or as one grounded in a perceived

want of jurisdiction, we are not empowered to review it").

**IT IS SO ORDERED.**