In re UNITED PETROLEUM GROUP, INC., et al., Debtors.

The H.T. Hackney Co., Plaintiff,

v.

REWJB Gas Investments, n/k/a United C–Store Holdings, LLP, et al., Defendants.

Bankruptcy Nos. 01–43263–BKC–RAM to 01–43269–BKC–RAM.
Adversary No. 03–1540–BKC–RAM–A.

United States Bankruptcy Court, S.D. Florida.

June 17, 2004.

Michael N. Kreitzer, Esq., Bilzen Sumberg, Miami, FL, for Plaintiff.

Lynette E. McGuinness, Esq., Murai Wald, Miami, FL, for Isaias.

Arthur J. Spector, Esq., Berger Singerman, Miami, FL, for Bared Defendants.

Paul L. Orshan, Esq., Duane Morris, Miami, FL, for Liquidating Trustee.

Juan Diaz, Esq., Miami, FL, for Miriam Bared.

### ORDER (1) GRANTING MOTION FOR REMAND; AND (2) DENYING ALL OTHER PENDING MOTIONS WITHOUT PREJUDICE

ROBERT A. MARK, Chief Judge.

The Court conducted a hearing on May 10, 2004, on the following motions:

A. Plaintiff's Motion for Remand (CP# 72);

B. Defendant Roberto Isaias' Motion for Summary Judgment (CP# 59);

C. Defendant Roberto Isaias' Motion for Entitlement to Sanctions Against Plaintiff (CP# 76);

D. Renewed Motion to Dismiss by Jose Bared and Carlos Bared ("Bared's Motion to Dismiss") (CP# 86); and

E. Miriam Bared's Notice of Joinder and Adoption of [Bareds' Motion to Dismiss].

For the reasons that follow, the Motion for Remand will be granted and all other motions denied without prejudice.

### Factual and Procedural Background

H.T. Hackney ("Hackney" or "Plaintiff") originally commenced this action by filing a Complaint (the "Complaint") on or about September 2, 2003, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami–Dade County, Florida under Case

No. 03–20260 CA 06 (the "State Court Case").

On September 22, 2003, Defendants REWJB Investments, FSB Subsidiary, Inc., FSG Partnership Holdings, Inc., F.S. Stores, Inc. and Carlos Bared served their Notice of Removal pursuant to 28 U.S.C.A. § 1452(a) (the "Notice of Removal"), and Jose Bared, Miriam Bared and Farm Stores Grocery, Inc. joined in the Notice of Removal on October 7, 2003 (all of the parties joining in the Notice of Removal will be referred to collectively as the "Removing Parties"). The remaining Defendants, Roberto Isaias, REW Dairy Investments, Inc. and Toni Gas Food Stores, subsequently consented to removal.

Jurisdiction supporting removal was founded in part upon the allegation in the Notice of Removal that two of the named defendants, F.S. Convenience Stores, Inc. and REWJB Gas Investments ("REWJB Gas") are debtors in the consolidated bankruptcy cases pending here, Case Nos. 01–43263 through 01–43269 (the "UPG Cases").

The Court conducted a hearing on December 23, 2003, on several motions including the Amended Motion to Dismiss filed by Defendants, REWJB Investments, Drive–Thru Concepts, Ltd., Farm Stores Grocery, Inc., FSG Subsidiary, Inc., FSG Partnership Holdings, Inc., F.S. Stores, Inc., Jose P. Bared, and Carlos Bared (collectively, the "Bared Defendants"), and on the Motions to Dismiss filed by Roberto Isaias and William Kaye.

On December 29, 2003, the Court entered its Order (1) Denying Motion to Enforce Injunction Without Prejudice; (2) Granting in Part and Denying in Part Defendants' Motions to Dismiss; and (3) Denying Isaias' Motion to Stay Discovery (the "Dec. 29th Order").

The Dec. 29th Order granted in part the Motion to Dismiss by William Kaye, Liquidating Trustee. The Motion was granted as to F.S. Convenience Stores, Inc., since Plaintiff acknowledged that this party was one of the debtors, and all claims against F.S. Convenience Stores, Inc., were dismissed with prejudice. The Motion was denied as to REWJB Gas without prejudice to the Liquidating Trustee seeking summary judgment. The Court indicated that summary judgment would be granted on all claims against REWJB Gas if the Liquidating Trustee established that REWJB Gas was a Chapter 11 debtor in these cases.

On February 11, 2004, William Kaye, Liquidating Trustee ("Kaye"), filed his Motion for Summary Judgment. Kaye's Motion for Summary Judgment argued that defendant, REWJB Gas, was also one of the debtors in the UPG Cases, and that it should therefore be dismissed from this adversary proceeding. Hackney did not contest the Motion for Summary Judgment, and on March 8, 2004, the Court entered a Stipulated Order Granting the Liquidating Trustee's Motion for Summary Judgment (CP# 7). That Order dismissed REWJB Gas as a defendant in this proceeding.

In sum, as a result of the Dec. 29th Order and the Order granting summary judgment in favor of REWJB Gas, both of the debtors in the UPG Cases originally named as defendants have now been dismissed from this proceeding.

In addition to finding that Plaintiff's claims against any debtor defendants were barred by confirmation of Debtors' Chapter 11 Plan, the Dec. 29th Order also found that Plaintiff lacks standing to pursue causes of action to recover allegedly fraudulent transfers by any of the debtors. This ruling relates to Plaintiff's claims to recover allegedly fraudulent transfers un-

der § 725 or § 726, Florida Statutes, asserted in Counts V, VI, and VIII of the Complaint.

As discussed more fully later in this Order, in its Motion for Remand, and at the May 10th hearing, Plaintiff argued that its Amended Complaint, as limited by the dismissal of the debtor defendants and by this Court's ruling on standing to pursue fraudulent conveyance actions, will consist only of state law claims against non-debtor defendants. · To confirm the Plaintiff's intentions, at the conclusion of the May 10th hearing, the Court directed Plaintiff to file a proposed Amended Complaint. Plaintiff filed its proposed Complaint (the "Proposed Amended Complaint") on June 7, 2004.

The Court has considered the record, including the Motion for Remand and memoranda submitted in support and in opposition, and the Proposed Amended Complaint, considered the arguments of counsel presented at the May 10th hearing, and reviewed the applicable law. The Court has also reviewed the Supplemental Memorandum in Support of Renewed Motion to Dismiss by Jose Bared and Carlos Barad, filed on May 25, 2004. The Court finds that the Motion for Remand must be granted based on the mandatory abstention requirements in 28 U.S.C. § 1334(c)(2).

### Summary of the Claims
### Remaining in the Proposed
### Amended Complaint

Hackney was a party to distribution contracts with defendant, REWJB Investments (a non-debtor) and with REWJB Gas, a debtor who is no longer a defendant based on the summary judgment described earlier. Hackney claims to be owed $4.9 million in trade debt under these agreements.

Although the allegations in the Complaint include transactions involving two of the Debtors, REWJB Gas and FS Convenience Stores, Inc., the Proposed Amended Complaint clearly limits its claims for recovery to claims against non-debtor parties, including the general partners of REWJB Investments and REWJB Gas, and individual officers, directors or shareholders of the general partners, specifically, the Bared family members and Isaias.

Count I seeks relief against REWJB Investments and its general partners for breach of contract for monies owed to Hackney under one of the distribution contracts.

Count II seeks relief against only the general partners of REWJB Gas for breach of contract for monies owed to Hackney under one of the other distribution contracts.

Counts III and IV seek relief against the general partners of REWJB Investments and REWJB Gas for improper dissolution of a general partnership under Florida law. Hackney asserts that the partners of REWJB Investments and REWJB Gas wound up the business affairs of the respective partnerships without properly applying the assets of the partnerships to the outstanding obligation owed to Hackney, in breach of Fla. Stat. § 620.8807.

Counts V and VI seek relief against the directors, officers and shareholders of the corporate general partners of REWJB Investments and REWJB Gas. Hackney's theory of recovery against these individuals begins by asserting that the corporate general partners of REWJB Investments and REWJB Gas are jointly and severally liable for the debts and obligations of those partnerships, including the amounts owed to Hackney. Plaintiff then alleges that these corporate general partners of REWJB Investments and REWJB Gas

are dissolved corporations, and were dissolved after REWJB Investments and REWJB Gas incurred their obligations to Hackney. Hackney asserts that the directors, officers and shareholders of the corporate general partners are individually liable because they knew or should have known of the obligations owed to Hackney by the corporate general partners and that they failed to satisfy such obligations or establish reserves to satisfy such obligations.

### Discussion

■ Plaintiff argues first that this Court no longer has subject matter jurisdiction over these proceedings, because the debtor defendants have been dismissed from the case. *See Grupo Dataflux v. Atlas Global Group, L.P.,* — U.S. —, ——, 124 S.Ct. 1920, 1924, 158 L.Ed.2d 866 (2004) (challenges to subject matter jurisdiction can be raised at any time prior to final judgment).

■ The clear rule in the Eleventh Circuit, however, is that courts are prohibited from relying on post-removal events in examining subject matter jurisdiction. *See Poore v. American–Amicable Life Ins. Co. of Texas,* 218 F.3d 1287, 1290–1291 (11th Cir.2000). The instant case came to the federal court through a valid and appropriate exercise of the removal statute, 28 U.S.C. § 1452, since two of the named defendants were debtors in the UPG Cases. Dismissal of the debtor defendants after removal did not oust this court of the jurisdiction it had when the case was removed.

■ While post-removal events do not affect the Court's subject matter jurisdiction under 28 U.S.C. § 1334(b), the Court must consider whether the current status of the case mandates abstention. As directed by 28 U.S.C. § 1334(c)(2), courts must abstain from hearing a state law claim if the following requirements are met: (1) the claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding. That is, it is related to a case under title 11 but does not arise under or arise in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court. *See In re United Container LLC,* 284 B.R. 162, 171 (Bankr.S.D.Fla. 2002).

■ At the May 10th hearing, defendants' counsel acknowledged that the only element at issue was timeliness of adjudication. The phrase "timely adjudication" is not defined in the Bankruptcy Code. Courts addressing this element have not focused primarily on when the case would be tried in state court compared to federal court, but rather on whether allowing the case to proceed in state court will have any unfavorable effect on the administration of the bankruptcy case. *United Container,* 284 B.R. at 174.

Defendants argue that there are bankruptcy issues triggered by their defenses to Plaintiff's claims, including whether confirmation barred Plaintiff from seeking recovery against these non-debtor defendants. The Court acknowledges that the defenses raised in the case will require interpretation of the Chapter 11 plan, including the scope of the releases in § 8.08 of the plan. However, the analysis for purposes of mandatory abstention is not whether defenses may require interpretation of a Chapter 11 plan or confirmation order. Rather, as noted earlier, the Court's focus is to determine whether the outcome of the claims asserted against these non-debtor third parties will have any effect on the administration of these Chapter 11 cases.

When, as here, the impact on administration of the bankruptcy case is the primary focus, the nature of the bankruptcy case is the single most important factor to be considered. *United Container*, 284 B.R. at 175, *citing In re Midgard Corp.*, 204 B.R. 764, 778–79 (10th Cir. BAP 1997). For example, timely adjudication may be a critical factor if the issue presented in the case must be resolved in order to confirm a plan. By contrast, as noted in *United Container*,

> [I]n a Chapter 7 case *or a Chapter 11 case with a confirmed liquidating plan*, where the primary concern is the orderly accumulation and distribution of assets, the requirement of timely adjudication is seldom significant.

*United Container*, 284 B.R. at 175, *citing In re Midgard Corp.*, 204 B.R. 764, 779 (10th Cir. BAP 1997) (emphasis added).

The UPG Cases which form the basis of jurisdiction here are confirmed liquidating cases fitting squarely within the concept just cited. Moreover, and perhaps most importantly, the outcome of Plaintiff's case will have no effect on the assets available for distribution to creditors.

In sum, the Court finds that Plaintiff has met its burden of establishing "timely adjudication," as that phrase is properly interpreted in the context of the liquidation plan in these cases. Thus, all elements necessary for mandatory abstention exist.

For the foregoing reasons, it is–

**ORDERED** as follows:

1. Plaintiff's Motion for Remand is granted. This proceeding is remanded back to the Circuit Court of the Eleventh Judicial Circuit in and for Miami–Dade County, Florida.

2. All other pending motions are denied without prejudice.[1]

---

1. Although the Court is denying all pending motions without prejudice, one comment is appropriate in response to the arguments presented in the Bareds' Supplemental Memorandum. That Memorandum suggests that the Court's statements at the May 10th hearing reflected a "surprise reversal" of conclusions reached by the Court in its Dec. 29th Order. In that Order, the Court noted that if "REWJB Gas received a release of any claims *that could have been brought by the debtors,* none of the general partners of REWJB Gas can be liable on these same claims if the only basis for liability against the general partners is their liability for debts of the partnership." Dec. 29th Order, p. 3 (emphasis added). The Court has not "receded" from this statement. As the Court reads Hackney's Proposed Amended Complaint, Hackney is not attempting to pursue derivative claims on behalf of the debtors. Rather, it alleges that these non-debtor third parties are liable, under various state law theories, for amounts owed to Hackney by the partnerships, including the debtor partnership, REWJB Gas.

This Order is not precluding or pre-judging any argument that the defendants may raise in the state court in defense to these claims, including an argument that Hackney lacks standing as a creditor to pursue the defendants on one or more of its state law claims.