Javier MILIAN, Appellant,

v.

WELLS FARGO & COMPANY, Wells Fargo Bank., N.A., Wells Fargo Home Mortgage, Wells Fargo Insurance Company, and Ronald R. Wolfe & Associates, LLC, Appellees.

No. 13–cv–22201–KMM.

United States District Court, S.D. Florida.

Signed Feb. 18, 2014.

40. *Id.*

Javier Milian, Miami Lakes, FL, pro se.

David James Smith, Nancy Carolyn Ciampa, Miami, FL, for Appellees.

## ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE is before the Court on appeal from the bankruptcy court's May 15, 2013 Order Granting the Motions to Dismiss or Abstain of Defendants Wells Fargo Bank, N.A., Wells Fargo & Company, Wells Fargo Home Mortgage and Wells Fargo Insurance Company (Bankr. case no. 13–01149–LMI, docket entry 54). This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1). For the reasons stated herein, the bankruptcy court's Order is affirmed.

## I. BACKGROUND

In December 2005, Milian and his wife executed a Promissory Note and Mortgage in favor of Wells Fargo Bank, N.A. Initial Brief, at 1 (ECF No. 9). Milian and his wife stopped paying the Mortgage in April 2009, and Wells Fargo Bank, N.A. filed a mortgage foreclosure complaint in state court in August 2009. Answer, at 5 (ECF No. 10). Milian and his wife, represented by counsel, answered the complaint and asserted as an affirmative defense that Wells Fargo Bank, N.A. lacked standing because it was not the holder of the Note. *Id.* Milian still questions who owns the Note. Initial Brief, at 5.

On December 13, 2012, the state court issued a Foreclosure Uniform Order Setting Cause for Non–Jury Trial on January 23, 2013. Answer, at 5. On January 23, 2013, the day set for the foreclosure trial, Milian and his wife filed a *pro se* no-asset, Chapter 7 bankruptcy (Bankr. case no. 13–11391–LMI). *Id.* As a result of filing Chapter 7, an automatic stay was implemented in the state court foreclosure trial.

*Id.* Milian was discharged on May 8, 2013. *Id.* at 4.

On February 25, 2013, Milian filed a *pro se* adversary Complaint "To Determine the Nature, Extent and Validity of Lien, to Disallow Any Secured Claim, Determine Secured Status of Lien, Cure RESPA, FDCPA, Mail and Wire Fraud, and Consent Judgment Violations, Fraud, Quiet Title, Determine Dischargeability of Debt Free of Secured Status, Sanctions, Injunctive and Other Relief" ("Adversary Proceeding") (Bankr. Case no. 13–01149–LMI, docket entry 1). The Adversary Complaint named over four hundred defendants, including Wells Fargo Bank, N.A., Wells Fargo & Company, Wells Fargo Home Mortgage, Wells Fargo Insurance Company, Ronald R. Wolfe & Associates, LLC, the law firm that represents Wells Fargo Bank, N.A. in the state court foreclosure proceedings, one hundred "John Does," one hundred "Jane Does," one hundred "Black Corporations," and one hundred "White Partnerships." *Id.* Milian subsequently dismissed his claims against the John Does, Jane Does, Black Corporations, and White Partnerships.[1] Answer, at 6.

Wells Fargo Bank, N.A., filed a motion to dismiss the adversary proceeding or abstain from exercising jurisdiction over the matter because the adversary complaint was directed at the state foreclosure action. *Id.* at 7. Wells Fargo sought to dismiss the action for, among other reasons, lack of standing, because Milian's claims involved pre-petition causes of action that were assets of the estate and, thus only the trustee had standing to bring them. *Id.* In the alternative, Wells Fargo requested that the bankruptcy court abstain from exercising jurisdiction over Mi-

---

1. On April 16, 2013, Milian filed a *pro se* Notice of Removal of the state court foreclosure action to the bankruptcy court (Bankr. case no. 13–01308–LMI). Answer, at 4. However, the bankruptcy court remanded the action to state court. *Id.* at 11.

lian's adversary complaint pursuant to 28 U.S.C. 1334(c)(1) or 1334(c)(2), because the adversary proceeding was not a core proceeding and, due to Milian's claimed exemptions, was not related to his Chapter 7 bankruptcy.[2] *Id.* Wells Fargo also argued the court should exercise its discretion to abstain from hearing what are, in effect, state law issues that predominate over bankruptcy issues. *Id.* at 8. Wells Fargo & Company, Wells Fargo Home Mortgage, and Wells Fargo Insurance also moved to dismiss the adversary complaint and adopted Wells Fargo Bank's motion to dismiss or abstain. *Id.*

Milian responded to the motions to dismiss or abstain and again questioned the ownership of the Note. *Id.; see also* Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss or Abstain (Bankr. case no. 13–01149–LMI, docket entry 24). Milian accused the Wells Fargo entities of deceptive and fraudulent conduct to conceal the true owner of the mortgage and note and claimed that he had always paid his debts on time until he was forced into bankruptcy protection by the defendants in order to "protect his home from fraudulent repossession." *Id.*

On May 14, 2013, the Honorable Laurel M. Isicoff, United States Bankruptcy Judge, held a hearing on Defendants' Motions. May 14, 2013 Hearing Transcript ("R.") (Bankr. Case no. 13–01149–LMI, docket entry 64). At the hearing the bankruptcy court found that Milian had filed his Chapter 7 bankruptcy proceeding for an improper purpose in order to circumvent the foreclosure proceeding. R. at 22–23. Additionally, the bankruptcy court found that Milian's Chapter 7 bankruptcy

schedules failed to include Milian's claims against the Defendants as an asset. *Id.* at 12. Because Milian failed to list his claims against the lender in his bankruptcy schedules, the bankruptcy court found that Milian was judicially estopped from raising the claims in the adversary proceeding. *Id.* Finally, the bankruptcy court found that abstention was appropriate because there was a pending state court action in which Milian's rights were being litigated, but for his filing bankruptcy immediately before his state court case went to trial. *Id.* at 23. Specifically, Milian's claim that Wells Fargo does not have standing, which resurfaces throughout all of his filings, had been raised in state court and could easily have been litigated there.[3] *Id.*

On May 15, 2013, the bankruptcy court entered an Order granting the Motions to Dismiss filed by Wells Fargo Bank, N.A., Wells Fargo & Company, Wells Fargo Insurance Company, and Wells Fargo Home Mortgage and abstaining from exercising jurisdiction over the adversary proceeding (Bankr. case no. 13–01149–LMI, docket entry 54). Milian appeals from this Order.

## II. STANDARD OF REVIEW

 While a district court reviews the bankruptcy court's legal conclusions *de novo*, it "must accept the bankruptcy court's factual findings unless they are clearly erroneous, and give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses." *In re Englander,* 95 F.3d 1028, 1030 (11th Cir.1996) (citations omitted). Mixed questions of law and fact are reviewed *de novo. In re Lentek Int'l, Inc.,* 346 Fed.Appx. 430, 433 (11th Cir.2009). "Under *de novo* re-

---

**2.** In Milian's Chapter 7 bankruptcy he claimed that his residence was exempt from creditors. Answer, at 4.

**3.** For the same reason, the bankruptcy court found that there was no reason to consider the removed foreclosure action and remanded the proceeding to state court (Bankr. case no. 13–1308–LMI).

view, [a] Court independently examines the law and draws its own conclusions after applying the law to the facts of the case, without regard to decisions made by the Bankruptcy Court." *In re Brown,* No. 6:08–cv–1517–Orl–18DAB, 2008 WL 5050081, at *2 (M.D.Fla. Nov. 19, 2008) (citing *In re Piper Aircraft Corp.,* 244 F.3d 1289, 1295 (11th Cir.2001)). A bankruptcy court's finding of a debtor's intent is an issue of fact reviewed for clear error. *See In re Gaines,* Case No. 3:07–CV–1158–J–32, 2008 WL 3200276, at *2 (M.D.Fla. Aug. 5, 2008). A court's decision to apply judicial estoppel is reviewed for abuse of discretion and will be affirmed unless the court made a clear error of judgment, or applied the wrong standard. *Jaffe v. Bank of America, N.A.,* 395 Fed.Appx. 583, 587 (11th Cir.2010).

## III. DISCUSSION

There are three issues before this Court on appeal. First, whether the bankruptcy court erred in abstaining from exercising jurisdiction over the Adversary Proceeding pursuant to 28 U.S.C. 1334(c). Second, whether the court abused its discretion in *sua sponte* applying judicial estoppel to bar Milian's claims. Third, whether the bankruptcy court erred in dismissing Milian's adversary proceeding.

### 1. *Abstention*

The Court finds that the bankruptcy court did not err in abstaining from exercising jurisdiction over Milian's adversary proceeding pursuant to 28 U.S.C. § 1334(c). Milian's Adversary Complaint was filed pursuant to 11 U.S.C. § 506 and Federal Rule of Bankruptcy Procedure 7009. Adversary Complaint, at 2 (Bankr. case no. 13–01149–LMI, ECF No. 1). Milian states in the Complaint: "This is a core proceeding because it is an action to determine the validity, extent and nature

of a lien on property that was recorded with the Miami–Dade County Recorder." *Id.* at 2. Upon review of the Complaint, and the relief sought therein, it is clear that Milian is merely disputing who holds the Note executed on his residence. Notably, this issue regarding the holder of the Note is the affirmative defense that Milian raised in the state foreclosure proceeding. While Milian cites a number of federal statutes in his Complaint, all the issues raised relate to Milian's continued assertion that Wells Fargo does not possess the Note. Thus, the Adversary Complaint is directed entirely to the state court foreclosure action. As such, it belongs in state court.

Courts have broad discretion under 28 U.S.C. § 1334(c)(1) to abstain from hearing state law claims whenever appropriate in the interest of justice, or in the interest of comity, or respect for state law. *E.S. Bankest, LLC v. United Beverage Florida, LLC (In re United Container LLC),* 284 B.R. 162, 176 (Bankr.S.D.Fla. 2002). Section 1334(c)(1) states as follows:

> (c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts· or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

In considering discretionary abstention under this section, courts consider factors including: (1) the effect, or lack thereof, on the efficient administration of the estate if the court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of applicable law; (4) the presence of related proceedings commenced in state court or other non-bankruptcy proceedings; (5) jurisdictional

basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action. *In re United Container LLC,* 284 B.R. at 176.

■ The Court finds that majority of these factors lean in favor of abstention in this case. For example, the Court finds that the first factor, whether abstention will effect the administration of the estate in bankruptcy, clearly supports abstention. Milian claimed his residence as exempt in the no asset Chapter 7 bankruptcy proceeding and Milian has already received his discharge in that proceeding. Thus, any determination by the bankruptcy judge on the owner of the Note will have no effect on the administration of the estate in bankruptcy.

Factor number four, regarding the presence of related proceedings commenced in state court, also weighs in favor of abstention. The state court foreclosure proceeding was commenced long before Milian filed for bankruptcy and, this issue likely would have been dealt with by the state court, had Milian not filed Chapter 7 bankruptcy on the day that his foreclosure trial was set to commence.

Factor number ten, forum shopping, also weighs in favor of abstention. At the May 14, 2013 hearing Milian stated that he filed Chapter 7 bankruptcy because he was unhappy with the way his case was going in state court. R. at 9–10. The bankruptcy court found that Milian had filed bankruptcy for an improper purpose in order to delay the state foreclosure trial that was scheduled for the day that Milian filed Chapter 7. *Id.* at 22–23. To now allow Milian to proceed with his Adversary Proceeding—which is merely a restatement, based on federal statutes, of the affirmative defense that he raised in his foreclosure proceeding—would encourage forum shopping.

As such, the Court finds that the bankruptcy court did not err in exercising its discretion to abstain from exercising jurisdiction over Milian's Adversary Proceeding pursuant to 28 U.S.C. § 1334(c)(1).[4]

### 2. *Judicial Estoppel*

The Court finds that the bankruptcy court did not abuse its discretion in applying judicial estoppel to bar the adversary proceeding. A court's decision to apply judicial estoppel is reviewed for abuse of discretion and will be affirmed unless the court made a clear error of judgment, or applied the wrong standard. *Jaffe v. Bank of America, N.A.,* 395 Fed.Appx. 583, 587 (11th Cir.2010).

■ Judicial estoppel is an equitable doctrine that prevents a party from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Barger v.*

---

4. Since the Court finds that the bankruptcy court did not err in abstaining from exercising jurisdiction over the Adversary Proceeding under 28 U.S.C. § 1334(c)(1), the Court sees no reason to examine whether 28 U.S.C. § 1334(c)(2) mandated abstention in this case.

*City of Cartersville, Ga.,* 348 F.3d 1289, 1293 (11th Cir.2003) (quoting *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1284 (11th Cir.2002)). Because the doctrine is intended to protect the courts, rather than the litigants, the court may raise it *sua sponte* in the appropriate case. *Id.*

■■■ Debtors who file for bankruptcy are required, under penalty of perjury, to disclose in their bankruptcy petitions all fixed and contingent assets, including all causes of action that the debtor knows about or that exist at the time the bankruptcy action begins, as well as those that the debtors learn about before the bankruptcy case is closed. 11 U.S.C. § 521; *Burnes,* 291 F.3d at 1286. A debtor's failure to disclose a claim during a Chapter 7 bankruptcy case is "tantamount to a representation that no such claim existed." *Superior Crewboats, Inc. v. Primary P & I Underwriters (In re Superior Crewboats),* 374 F.3d 330, 335 (5th Cir.2004). The Eleventh Circuit considers two factors in the application of judicial estoppel to a particular case. *Burnes,* 291 F.3d at 1285. First, inconsistent positions must be made under oath in the prior proceeding. Second, the inconsistencies must be shown to have been calculated to make a mockery of the judicial system. *Id.*

■■■ The bankruptcy court did not abuse its discretion when it applied judicial estoppel to bar Milian's claims. The bankruptcy court found that Milian did not list any affirmative claims in his bankruptcy schedules and, since that case was over and he had received his discharge, those claims were waived. R. at 12–13 ("[T]he law is that if you don't list a claim against another party on your bankruptcy schedules, then you may not raise that claim in litigation because you have waived it by failing to list it as an asset. Okay. That's called judicial estoppel."). Thus, the first factor supports the Court's application of judicial estoppel.

■■■ Regarding the second factor, an issue arises regarding whether Milian, as a *pro se* litigant, should have been allowed to amend the Schedules after discharge to include the claim. Milian claims that the omission in his Schedules was inadvertent. Initial Brief, at 15. A debtor's failure to satisfy the statutory disclosure duty is "inadvertent" only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment. *Burnes,* 291 F.3d at 1287 (quoting *In re Coastal Plains,* 179 F.3d 197, 210 (5th Cir.1999)). A deliberate or intentional manipulation of the bankruptcy proceedings can be inferred from the record. *Id.*

There is no question that Milian had knowledge of the claims. The issue then is whether Milian had a motive for concealment. On this point, the Court defers to the bankruptcy court's conclusion that Milian filed his bankruptcy for an improper purpose. R. at 22 ("What you may not do is try to use this court but for an improper purpose and I find that's exactly what you are doing here."); *see In re Englander,* 95 F.3d 1028, 1030 (11th Cir.1996) (courts give due regard to a bankruptcy court's judgment regarding a debtor's intent). The record supports such a finding. Milian stated that he filed for bankruptcy because he felt that the "state court was rushing the case" after four years of litigation. R. at 9. Milian had been living in his home for free for those four years. *Id.* at 10. On the day that Milian was set to go to trial, represented by counsel, Milian chose instead to file Chapter 7 as "a last act of desperation in order to avoid having to put on [his] case before the state court judge...." R. at 21–22.

Thus, the bankruptcy court was within its discretion in finding that Milian had a motive to conceal the state court proceeding and that Milian's inconsistencies were

designed to make a mockery of the judicial system. As a result, the Court finds that the bankruptcy court did not abuse its discretion in refusing to permit Milian to amend his petition and applying judicial estoppel to prevent Milian from continuing with the Adversary Proceeding.

### 3. *Dismissal*

The third issue on appeal is whether the bankruptcy court erred in dismissing the Adversary Proceeding. Milian argues that the bankruptcy court was biased and intolerant toward Milian due to his *pro se* status. Initial Brief, at 18–22. This Court finds that the bankruptcy court correctly entered an order dismissing the Adversary Proceeding after liberally construing Milian's *pro se* pleadings and giving appropriate consideration to Milian's *pro se* status.

Milian claims that he was "shellacked, railroaded, misdirect, intentionally confused, browbeaten, continuously interrupted and straight-out bullied" when he appeared in bankruptcy court. Initial Brief, at 19. However, review of the transcript demonstrates that the bankruptcy court conducted the proceeding appropriately. The Judge had clearly reviewed Milian's pleadings, since she referenced the Complaint and the relief sought therein. R. at 26. The Judge allowed Milian the opportunity to speak on his own behalf and asked him questions that were pertinent to the outcome of the proceeding. While the Court recognizes that bankruptcy is a specialized, and often times difficult, area of the law for *pro se* litigants, judges cannot and will not give litigants legal advice. *See, e.g., McKaskle v. Wiggins,* 465 U.S. 168, 183–84, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) ("A defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure. Nor does the Constitution require judges to take over chores for a *pro se* defendant that would

normally be attended to by trained counsel as a matter of course."). The Judge ultimately reached a different conclusion than Milian had hoped for, however that does not mean that the Judge was biased against Milian or intolerant as a result of his *pro se* status. Thus, the Court finds that the bankruptcy court did not err in dismissing Milian's Adversary Proceeding following the hearing.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, the bankruptcy court's May 15, 2013 Order Granting the Motions to Dismiss or Abstain of Defendants Wells Fargo Bank, N.A., Wells Fargo & Company, Wells Fargo Home Mortgage and Wells Fargo Insurance Company (Bankr. case no. 13–01149–LMI, docket entry 54) is AFFIRMED.

It is further ORDERED AND ADJUDGED that the Clerk of Court shall CLOSE this case. All pending motions not otherwise ruled upon are DENIED AS MOOT.